**Dated: August 23, 2019**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JEFFREY DAVID NACHIMSON, | ) | Case No. 18-14479-SAH |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| JEFFREY DAVID NACHIMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. 18-01100-SAH |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| *ex rel.* Internal Revenue Service, and | ) | |
| STATE OF OKLAHOMA, | ) | |
| *ex rel.* Oklahoma Tax Commission, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA
### *ex rel.* INTERNAL REVENUE SERVICE'S MOTION FOR SUMMARY
### JUDGMENT WITH BRIEF IN SUPPORT AND NOTICE OF
### <u>OPPORTUNITY FOR HEARING [DOC. 31]</u>

There comes on for consideration before the Court the Defendant's Motion for Summary

Judgment with Brief in Support and Notice of Opportunity for Hearing [Doc. 31], filed on

July 24, 2019 (the "Motion"), by defendant United States of America (the "United States").[1] This adversary proceeding was commenced by the filing of the Complaint to Determine Dischargeability of Certain Federal and State Income Taxes [Doc.1], filed on October 26, 2018 (the "Complaint"), by debtor and plaintiff Jeffrey David Nachimson ("Debtor").

## JURISDICTION

The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a), and this is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(I). Additionally, the parties consented to this Court's entry of final orders pursuant to Federal Rules of Bankruptcy Procedure 7008 and 7012.

## BACKGROUND

Debtor filed his chapter 7 bankruptcy case on October 25, 2018.[2] One day later, Debtor filed the Complaint initiating this adversary proceeding against the United States and the State of Oklahoma *ex rel*. Oklahoma Tax Commission seeking a determination that his past-due taxes are discharged under 11 U.S.C. § 523(a)(1).[3] Debtor, a former member of the Oklahoma Bar

---

[1]Debtor sought and obtained an extension of time to file a response to the Motion to August 21, 2019. [doc. 32 and 34]. Debtor did not meet such deadline and did not file a response to the Motion.

[2]This chapter 7 case is Debtor's fifth bankruptcy filing since 2014. The previous four cases, Case Nos. 14-13106, 14-14460, 15-14289 and 16-14213, were chapter 13 and chapter 11 cases dismissed for failure to file required documents or propose confirmable plans. Further, it is worth noting that Debtor has previously filed two chapter 7 cases. He received a discharge on July 2, 1998, in Case No. 98-12140, and another on April 15, 2009, in Case No. 09-10097.

[3]Unless otherwise indicated, hereafter all references to sections are to the Bankruptcy Code, Title 11 of the United States Code.

Association, has not paid income taxes to the United States for taxable years 2013, 2014, 2015, and 2016.  After Debtor failed to appear at the scheduling conference, the United States filed its Motion.  Notwithstanding that the Court granted Debtor's motion for extension of time to respond, Debtor did not file a response by the extended deadline.  Having considered the pleadings, the properly submitted summary judgment evidence, and the relevant legal authorities, the Court finds that the United States has met its burden of demonstrating that there is no genuine issue as to any material fact. Therefore, the United States is entitled to judgment as a matter of law.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if all of the pleadings, depositions, discovery responses, together with any affidavits, show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (made applicable to this proceeding by Fed. R. Bankr. P. 7056); Thom v. Bristol-Myers Squibb Co., 353 F.3d 848, 851 (10th Cir. 2003); Bank of Cushing v. Vaughan (In re Vaughan), 342 B.R. 385, 2006 WL 751388 (10th Cir. BAP 2006) (citing prior Fed. R. Civ. P. 56(c), Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993)).  The moving party "bears the ultimate burden of establishing its right to summary judgment as a matter of law even when it does not have the ultimate burden of persuasion at trial."  Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 982 (10th Cir. 2002).  If the movant has the burden of proof on the claim, the movant must establish each element of its claim or defense by sufficient, competent evidence to set forth a prima facie case.  Reynolds v. Haskins (In re Git-N-Go, Inc.), 2007 WL 2816215, *2  (Bankr. N.D. Okla. 2007) (citing In re Ribozyme

Pharm., Inc., Sec. Litig., 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002)). Competent summary judgment evidence does not include conclusory statements and testimony based merely on conjecture or subjective belief. Git-N-Go, 2007 WL 2816215, *2.

"A fact is 'material' if under the substantive law it could have an effect on the outcome of the lawsuit." Adams v. Am. Guarantee and Liab. Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000) (citing Equal Employment Opportunity Comm'n v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1190 (10th Cir. 2000)). Once the moving party meets its burden, the burden shifts to the non-moving party to demonstrate that genuine issues remain for trial as to dispositive matters for which it carries the burden of proof. Vaughan, 342 B.R. 385 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) and Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "A dispute over a material fact is "genuine" if a rational [fact finder] could find in favor of the nonmoving party on the evidence presented." Equal Emp't Opportunity Comm'n v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1190 (10th Cir. 2000) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The record must be considered in the light most favorable to the party opposing summary judgment. Vaughan, 342 B.R. 385, *2 (citing Bee v. Greaves, 744 F.2d 1387, 1396 (10th Cir. 1984)).

"Necessary to the effective rebuttal of a summary judgment motion is the non-moving party's demonstration that genuine issues of fact remain. Non-moving parties raise genuine issues of material fact by controverting the moving party's factual averments with particularity." Vaughn, 342 B.R. at 385; see also Fed. R. Civ. P. 56(c). The non-moving party may not rest on its pleadings but rather must set forth specific facts that it contends are disputed. Vaughn, 342 B.R. at 385 (citing Applied Genetics Int'l, Inc. v. First Affiliated Secs., Inc., 912 F.2d 1238, 1241

4

(10th Cir. 1990)). In this case, Debtor failed to file a response to the United States' Motion. Federal Rule of Civil Procedure 56(e)(2) provides that if a party fails to properly address another party's assertion of fact as required by Rule 56(c), the Court may consider the fact undisputed for purposes of the motion. Similarly, this Court's Local Rule 7056-1, by incorporation of Local Rule 9013-1, provides that any request for relief which is not opposed within the applicable response period may be deemed confessed. L.R. 9013-1E. As a result of Debtor's failure to file a response to the Motion, he also failed to create any disputed material facts.

## UNDISPUTED MATERIAL FACTS

1. This is an adversary proceeding to determine the dischargeability of certain taxes owed to the United States. This Court has jurisdiction over this adversary proceeding. 28 U.S.C. §§ 1334, 1652, 2201, 2202. Complaint [Doc.1], pp. 1–2, ¶ 1.

2. Debtor's 2013 tax return was due to be filed on October 15, 2014, after extension; his 2014 tax return was due to be filed on April 15, 2015; his 2015 tax return was due to be filed on April 15, 2016; and his 2016 tax return was due to be filed on April 15, 2017. Motion, Ex. 1, ¶ 3.

3. Debtor filed a chapter 13 bankruptcy case on October 26, 2014, which was later dismissed on January 14, 2015; these proceedings lasted a total of 80 days. Motion, Ex. 2.

4. Debtor filed a chapter 11 bankruptcy case on November 5, 2015, which was later dismissed on April 13, 2016; these proceedings lasted a total of 160 days. Motion, Ex. 3.

5. Debtor filed a chapter 11 bankruptcy on October 20, 2016, which was later dismissed on December 30, 2016; these proceedings lasted a total of 71 days. Motion, Ex. 4.

6. Debtor has been in bankruptcy proceedings during the relevant time period, from October 15, 2014, through October 25, 2018, for a total of 311 days. Motion, Ex. 2–4.

7. Debtor filed this chapter 7 bankruptcy case on October 25, 2018. Motion, Ex. 5.

## **CONCLUSIONS OF LAW**

A. **Relevant Statutory Provisions.**

### **11 U.S.C. § 523(a)(1)(A)**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–

    (1) for a tax or a customs duty–

        (A) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed[.]

### **11 U.S.C. § 507(a)(8)(A)(i)**

(a) The following expenses and claims have priority in the following order

    (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for–

        (A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition–

            (i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

. . .

    An otherwise applicable time period specified in this paragraph shall be suspended for any period during which a governmental unit is prohibited under applicable nonbankruptcy law from collecting a tax as a result of a request by the debtor for a hearing and an appeal of any collection action taken or proposed against the debtor, plus 90 days; plus any time during which the stay of proceedings was in effect in a prior case under this title or during which collection was precluded by the existence of 1 or more confirmed plans under this title, plus 90 days.

**26 U.S.C. § 6072(a)**

(a)      General rule. – In the case of returns under section 6012, 6013, or 6017 (relating to income tax under subtitle A), returns made on the basis of the calendar year shall be filed on or before the 15th day of April following the close of the calendar year and returns made on the basis of a fiscal year shall be filed on or before the 15th day of the fourth month following the close of the fiscal year, except as otherwise provided in the following subsections of this section.

**B.      Analysis and Application of the Relevant Statutory Provisions.**

Debtor's Complaint seeks a determination that his federal tax liabilities for tax years 2013, 2014, 2015, and 2016 are all dischargeable. In its Motion, the United States argues it is entitled to judgment as a matter of law that Debtor's tax liabilities are excepted from discharge pursuant to Section 523(a)(1)(A). However, the four tax years in question fall into two conceptually separate categories and, therefore, the discussion is segregated below.

     1.      **Based on the Three-Year Look-Back Period, Debtor's 2015 and 2016 Tax Liabilities are Not Dischargeable.**

Section 523(a)(1) excepts from a debtor's discharge any tax "of the kind and for the periods specified in section . . . 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed." 11 U.S.C. § 523(a)(1)(A); Young v. United States, 535 U.S. 43, 46 (2002). Section 507(a)(8)(A)(i) gives eighth priority to "allowed unsecured claims of governmental units, only to the extent that such claims are for . . . a tax on or measured by income or gross receipts . . . for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition[.]" 11 U.S.C. § 508(a)(8)(A)(i); Young, 535 U.S. at 46. "This is commonly known as the 'three-year look[-]back period.'" Young, 535 U.S. at 46. Under Section 508(a)(8)(A)(i), if the United States has a claim for taxes, the return for which was due within three years before the

relevant petition date, the claim enjoys eighth priority in distribution and, pursuant to Section 523(a)(1)(A), is excepted from a debtor's discharge. Young, 535 U.S. at 46.

As applied to Debtor's 2018 bankruptcy case and his outstanding tax obligations, the relevant petition date is October 25, 2018. Under Section 507(a)(8)(a)(i), the three year look-back period commenced on October 25, 2015. Debtor's federal income tax return for his 2015 taxes was due on April 15, 2016. 26 U.S.C. § 6072(a). Similarly, his federal income tax return for his 2016 taxes was due on April 15, 2017.

Accordingly, both Debtor's 2015 and 2016 tax liabilities fall within the three-year look-back period of Section 507(a)(8)(A)(i) and are, therefore, excepted from Debtor's discharge under Section 523(a)(1)(A).

    2.    **Based on the Extended Three-Year Look-Back Period, Debtor's 2013 and 2014 Tax Liabilities are Not Dischargeable.**

Debtor also seeks a determination that his unpaid 2013 and 2014 federal tax liabilities are dischargeable. His 2013 federal tax return, after extension, was due to be filed on October 15, 2014, and his 2014 federal tax return was due to be filed on April 15, 2015. As set forth above, the three-year look-back period commenced on October 25, 2015, a date after the federal tax returns were due for both Debtor's 2013 and 2014 federal tax liabilities. Therefore, based solely on the language of Section 507(a)(8)(A), it would not appear that such taxes are excepted from Debtor's discharge.

However, in 2005, Congress amended Section 507(a)(8) to codify the United States Supreme Court's 2002 decision in Young v. United States regarding equitable tolling of the

8

look-back period. This was done by adding a "hanging paragraph" to Section 507(a)(8), which provides in pertinent part:

> An otherwise applicable time period specified in this paragraph shall be suspended for any . . . time during which the stay of proceedings was in effect in a prior case under this title . . . plus 90 days.

11 U.S.C. § 507(a)(8)(hanging paragraph). Not only was the tolling provision of Young codified, but it was expanded by the addition of a uniform 90 days to the extension. Kolve v. Internal Revenue Service (In re Kolve), 459 B.R. 376, 380 (Bankr. W.D. Wisc. 2011) (citing In re Montgomery, 446 B.R. 475, 483 (Bankr. D. Kan. 2011)). Section 507(a)(8) requires no action by the United States to gain the protection of the hanging paragraph; rather, "the look-back period automatically tolls upon the filing [of a] previous case." Clothier v. Internal Revenue Serv. (In re Clothier), 2018 WL 5116327 (Bankr. W.D. Tenn. 2018). Although the statutory language of the tolling provision is that of "suspending" the look-back period, conceptually "it *extends* the look[-]back period on specific grounds, allowing the priority and nondischargeability of tax claims to reach further and further into the past." Kolve, 459 B.R. at 380.

Because Debtor is a repeat bankruptcy filer, having filed four separate bankruptcy cases in 2014, 2015, and 2016, the automatic stay interrupted collection actions by the United States with respect to Debtor's tax liabilities. Based on the tolling provision of the hanging paragraph, the United States argues the look-back period is extended an additional 401 days – the 311 days that the Debtor's bankruptcy proceedings were pending, plus the additional 90 days provided by the statute. The Court agrees that the look-back period is extended by the tolling provision of the hanging paragraph due to Debtor's bankruptcy filings. However, whether the look-back period is

extended by the full number of days the Debtor's bankruptcy cases were pending merits further analysis and discussion.

When a debtor files multiple, successive bankruptcy cases, the ordinary operation of the automatic stay is altered by Section 362(c)(3)(A). Under Section 362(c)(3)(A), if a debtor had a case pending within the preceding one year period that was dismissed, then the automatic stay "with respect to any action taken with respect to a debt or property securing such debt . . . shall terminate with respect to the debtor on the 30th day after the filing of the later case[.]" While a debtor may obtain an extension of the automatic stay if he is able to rebut the presumption that the subsequent case was not filed in good faith, such a motion must be filed, and a hearing must be held, before the expiration of the thirty day period after the petition date. 11 U.S.C. § 362(c)(3)(B). Holcomb v. Hardeman (In re Holcomb), 380 B.R. 813, 815 (10th Cir. BAP 2008). Thus, the issue is whether the look-back period can be extended by the total number of days Debtor's prior bankruptcy proceedings were pending, as argued by the United States, or only the first 30 days following each bankruptcy filing.

The first bankruptcy case Debtor filed in 2014, Case No.14-13106, was filed on July 28, 2014, a date prior to Debtor's extended deadline of October 15, 2014, for filing his 2013 federal tax return. Therefore, the first case does not affect the calculation of the extended three-year look-back period. In his three subsequent bankruptcy cases, the automatic stay was not extended pursuant to Section 362(c)(3)(B). In his second bankruptcy case filed in 2014, Case No. 14-14460, Debtor filed a motion to extend the automatic stay, but never uploaded an order granting the motion, notwithstanding there being no objection to the requested relief. In Case No.15-14289, Debtor, once again, sought an extension of the automatic stay but the motion was

denied as untimely. Finally, in Case No. 16-14213, Debtor did not seek an extension of the stay. The question, therefore, is the extent to which the automatic stay was in effect for purposes of calculating the tolling period under the Section 507(a)(8) hanging paragraph. In other words, does Section 362(c)(3)(A) limit the tolling period to the first 30 days of each of Debtor's bankruptcy cases instead of the entire period they were pending.

In Holcomb, the Tenth Circuit Bankruptcy Appellate Panel was tasked with interpreting the language of Section 362(c)(3)(A). The Bankruptcy Appellate Panel concluded that this statutory provision "terminates the stay only as to the debtor and the debtor's property" rather than in its entirety. Holcomb, 380 B.R. at 815-16.[4] Alternatively stated, the stay does not terminate as to property of the estate. Holcomb, 380 B.R. at 816. If a stay remains in effect with respect to property of the estate, the next prong of the analysis is whether such stay in Debtor's prior bankruptcy filings extends the look-back period with respect to Debtor's taxes at issue in this adversary.

The filing of a bankruptcy petition under any chapter creates a bankruptcy estate, and "Section 541(a)(1) provides that the property of the estate includes 'all legal or equitable interests of the debtor in property as of the commencement of the bankruptcy case.'" Cohen v. Chernushin (In re Chernushin), 911 F.3d 1265, 1269 (10th Cir. 2018) (citing Parks v. FIA Card Servs., N.A. (In re Marshall ), 550 F.3d 1251, 1255 (10th Cir. 2008)). Because all of Debtor's prior bankruptcy cases at issue here were filed under chapters 11 and 13, additional statutory

---

[4]The "minority view" reads Section 362(c)(3)(A) as terminating the stay in its entirety rather than only as to action against the debtor and its property but not as to actions against property of the bankruptcy estate. Smith v. State of Maine Bureau of Revenue Serv, 910 F.3d 576, 581 (1st Cir. 2018).

provisions defining property of the estate are relevant. Both chapters 11 and 13 of the Bankruptcy Code contain provisions that include property that a debtor acquires post-petition in the bankruptcy estate. Section 1115(a) provides that in a chapter 11 case in which the debtor is an individual, property of the estate includes, in addition to the property specified in section 541–

> (1) all property of the kind specified in section 541 that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first; and
>
> (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first.

11 U.S.C. § 1115. Section 1306 contains an identical provision applicable in chapter 13 cases. Thus, when Debtor filed his previous chapter 11 and chapter 13 cases, all of the property he owned prepetition, together with all of the property he acquired postpetition, became property of the respective estates.

Because Holcomb provides that the stay does not terminate under Section 362(c)(3)(A) with respect to property of the estate, and ***all*** of Debtor's prepetition ***and*** postpetition property became property of the estate, the Court concludes the tolling provision of the hanging paragraph of Section 507(a)(8) was not impacted by the automatic nature of Section 362(c)(3)(A). Instead, for purposes of the tolling provision, the stay of proceedings was in effect in each of Debtor's three previous cases until each was dismissed.[5]

---

[5] Any argument that, pursuant to Section 1327(b), at least some property revests in the debtor as of confirmation of a chapter 13 plan, see Kolve, 459 B.R. at 383, is not relevant here.
(continued...)

Accordingly, application of the tolling language in Section 507(a)(8) to this case is relatively straight forward:[6]

> Case No. 14-14460 (chapter 13) – filed October 26, 2014; case dismissed January 14, 2015 - 80 day suspension
>
> Case No. 15-14289 (chapter 11) – filed November 5, 2015; case dismissed April 13, 2016 – 160 day suspension
>
> Case No. 16-14213 (chapter 11) – filed October 20, 2016; case dismissed December 30, 2016 – 71 day suspension

Thus, the three year look-back period, October 25, 2015, to October 25, 2018, was tolled for 311 days on account of Debtor's prior bankruptcy filings, plus the additional 90 days provided by the statute,[7] for a total of 401 days.

The extension of the three-year period for 401 days results in the look-back period commencing on September 19, 2014. The due date of April 15, 2015, for Debtor's 2014 tax

---

[5](...continued)
No confirmable plan was ever filed in Debtor's prior chapter 13 case. Nor does the provision of Section 1141(b) that revests property of the estate in debtor following confirmation of a chapter 11 plan apply. Debtor's previous chapter 11 cases were dismissed for inability to reorganize and/or failure to file required documents.

[6]It is well established that a court may take judicial notice of its own records as well as records of other courts, particularly in closely related cases. Hutchinson v. Hahn, 402 F. App'x 391, 394-95 (10th Cir. 2010) (citing St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)); Cornforth v. Fidelity Inv., 2017 WL 650132 (W.D. Okla. 2017). This Court takes judicial notice of Debtor's prior bankruptcy filings during the relevant time period.

[7]Questions exist whether the 90-day extension in Section 507(a)(8) applies with respect to each bankruptcy case during the look-back period or only once irrespective of the number of bankruptcy cases filed during the look-back period. Kolve, 459 B.R. at 380 (90 days is added to any extension); In re Montgomery, 446 B.R. 475, 483 (Bankr. D. Kan. 2011) (90 day extension is available only once during the look-back period). However, the issue of whether the statute allows only one versus multiple 90-day additions is not relevant here. Tacking on one 90-day extension to the aggregate tolling period is sufficient to bring the 2013 federal tax liability within the Section 507(a)(8) extended three-year look-back period.

13

return, as well as the due date of October 15, 2014, for Debtor's 2013 tax return, therefore, fall within the extended look-back period that commenced on September 19, 2014. Accordingly, the federal tax liability for 2013 and 2014 are also excepted from Debtor's discharge under Section 523(a)(1)(A).

## **CONCLUSION**

For the reasons set forth above, the Motion is GRANTED and summary judgment is entered in favor of the United States and against Debtor determining Debtor's federal tax liability for 2013, 2014, 2015 and 2016 to be excepted from Debtor's discharge pursuant to Section 523(a)(1)(A). The trial set on the claims of the defendant State of Oklahoma *ex rel.* Oklahoma Tax Commission shall proceed on October 28, 2019, at 9:30 a.m.

IT IS SO ORDERED.

# # #